IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| SAMMIE DAVIS KING, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 123-041 |
| | ) | |
| TIMOTHY SALES, Warden,[1] | ) | |
| | ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The above-captioned case, filed pursuant to 28 U.S.C. § 2254, is before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The Court **REPORTS** and **RECOMMENDS** the § 2254 petition be **DISMISSED** as untimely and this civil action be **CLOSED**.

**I.     BACKGROUND**

A Warren County Superior Court jury convicted Petitioner of child molestation, and the trial court sentenced him to life in prison. (Doc. no. 4, pp. 1-2.) The Georgia Court of Appeals affirmed the judgment of conviction on March 15, 2001, and the remittitur issued

---

[1] The Court **DIRECTS** the **CLERK** to update the docket consistent with the above caption, including terminating State of Georgia, Warren Co. Trial Court Hammond, District Attorney Dennis C. Sanders, and Mark Chestang as Respondents, because the only proper Respondent is Timothy Sales, the Warden at Dooly State Prison, Petitioner's current place of incarceration. See Rule 2(a) of the Rules Governing § 2254 Cases.

April 3, 2001.  (Id. at 2); see also King v. State, No. A01A0744 (Ga. Ct. App. Mar. 15, 2001).  Petitioner does not report filing any additional direct appeal proceedings.  (Doc. no. 4, pp. 2-3.)

Petitioner filed his first state petition for a writ of habeas corpus in the Superior Court of Dodge County in July of 2001, and he reports that petition was denied on January 17, 2003.  (Id. at 3-4.)  Petitioner filed another state habeas corpus petition in 2008 in the Superior Court of Dodge County, 08-HC-0296, and he reports that petition was denied in 2009.  (Id. at 4.)  The Georgia Supreme Court denied the request for a Certificate of Probable Cause to Appeal on October 1, 2012.  See King v. Smith, Case No. S10H0065 (Ga. Oct. 1, 2012).  The Court also observes Petitioner attached a portion of a state habeas transcript suggesting that he has filed at least four state habeas petitions since his conviction became final in March of 2001.  (Doc. no. 4, pp. 27-28.)

Petitioner signed the document used to commence the instant case on March 27, 2023.  (Doc. no. 1, p. 30.)  In an Order dated April 17, 2023, the Court explained to Petitioner that if he intended to pursue federal habeas corpus claims, he must submit them on a standard § 2254 habeas corpus petition, which is now before the Court.  In this petition, Petitioner challenges (1) the existence of probable cause in the warrant issued in 1997 for his arrest, (2) the manner in which he was questioned upon his arrest, (3) the failure of the trial court to maintain a complete trial transcript, and (4) the failure to have charges lodged against him by a validly issued indictment from a Warren County grand jury.  (Doc. no. 4, pp. 5-10.)

**II.    DISCUSSION**

**A.    The Petition Is Time-Barred**

Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d), there is a one-year statute of limitations for § 2254 petitions that runs from the latest of:

> (1)(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." See Gonzalez v. Thaler, 565 U.S. 134, 150 (2012) (explaining judgment for petitioners who do not seek certiorari from United States Supreme Court becomes final at "'expiration of the time for seeking such review' - when the time for pursuing direct review in this Court, or in state court, expires"); Stubbs v. Hall, 840 S.E.2d 407, 412 (Ga. 2020) (interpreting Georgia habeas corpus law in accordance with Gonzalez, supra, to conclude judgment of conviction is final when Supreme Court affirms conviction on merits or denies certiorari, "or when the time for pursuing the

3

next step in the direct appellate review process expires without that step having been taken"). Here, according to Petitioner's own calculation and exhibits attached to his federal petition, his conviction became final when he did not pursue further appellate review upon the Georgia Court of Appeals affirming his conviction in March of 2001. (Doc. no. 4, pp. 2, 27-28.)

Petitioner had one year from the date his conviction became final to file his federal habeas corpus petition or take other action to toll the one-year limitations period. The Court recognizes that, pursuant to 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for state post-conviction relief or other collateral review is pending in state court. Cramer v. Sec'y, Dep't of Corr., 461 F.3d 1380, 1383 (11th Cir. 2006). Although Petitioner reports filing a state habeas corpus petition on July 9, 2001 - just over three months after his conviction became final - Petitioner also states those proceedings concluded on January 17, 2003. (Doc. no. 4, pp. 3-4.) Even if the Court were to assume for the sake of argument Petitioner had state post-conviction proceedings pending through the date the Georgia Supreme Court denied the request for a CPC related to a state petition filed in 2008, those proceedings concluded on October 1, 2012. See King, Case No. S10H0065. Thus, the instant petition, filed *at best* over ten years after his state collateral proceedings concluded, is untimely.[2]

---

[2]Because Petitioner did not provide a complete history of his post-conviction proceedings in the state courts, it is more than likely Petitioner filed his federal petition nearly twenty years after his first round of state collateral proceedings concluded. The Court has given Petitioner every benefit of the doubt in using 2012 as the date Petitioner's state collateral proceedings concluded.

> B. **The Limitations Period Was Not Otherwise Reset under AEDPA, and Petitioner Has Not Shown that He Is Entitled to Equitable Tolling or that a Fundamental Miscarriage of Justice Has Occurred**

Petitioner has not provided any explanation that would delay or reset his one-year statute of limitations under any statutory sections of AEDPA set forth above. The Court is aware Petitioner has included a general discussion of AEDPA's statute of limitations. (See doc. no. 4, pp. 13-18.) However, he does not provide any argument concerning specific application to his circumstances that would cause the Court to consider a date later than the conclusion of his state habeas proceedings as the starting point for calculating Petitioner's one-year statute of limitations to file a federal petition. Nevertheless, an otherwise untimely § 2254 petition may be considered if a petitioner can demonstrate that either he is entitled to equitable tolling or that a fundamental miscarriage of justice has occurred.

Equitable tolling can be applied to prevent application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling, San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. See Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1072 (11th Cir. 2011).

Consideration of an otherwise untimely petition for federal habeas corpus relief may also be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually innocent." McQuiggin v. Perkins, 569 U.S. 383, 392 (2013) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000).  The actual innocence exception "is exceedingly narrow in scope," and a time-barred petitioner seeking to invoke it must be able "(1) to present 'new reliable evidence . . . that was not presented at trial,' and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence." Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (citations omitted).  As the Supreme Court emphasized, "The miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" McQuiggin, 569 U.S. at 394-95.

Here, Petitioner has not shown he satisfies the test for application of equitable tolling or that a miscarriage of justice will occur if his claims are not considered.  Petitioner has not shown extraordinary circumstances stood in his way and that he has been pursuing his rights diligently.  To the contrary, Petitioner details his repeated unsuccessful efforts in the state courts to continually raise previously rejected claims of error, but he describes nothing that prevented him from moving from state to federal court.  Indeed, Petitioner previously made multiple unsuccessful attempts to raise habeas-type claims in federal civil rights cases filed in this Court.  See King v. Chestang, CV 111-142 (S.D. Ga. Aug. 31, 2011); King v. Chestang, CV 110-098 (S.D. Ga. June 29, 2010).  Stated otherwise, Petitioner has not

satisfied the "strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008) (*per curiam*).

Nor has Petitioner shown a miscarriage of justice will occur if his claims are not considered. Petitioner has not presented any evidence, much less new, reliable evidence, to show he did not commit the offense of which he was convicted. The basis of Petitioner's claims have long been known to him and are not based on new evidence that could establish factual innocence. In sum, the information offered now concerning the validity of the conviction and alleged *legal* errors in the state proceedings do not constitute new and reliable *factual* evidence that would satisfy Petitioner's high burden to meet the requirements for application of the miscarriage of justice exception. See Bousley v. United States, 523 U.S. 614, 623 (1998) (emphasizing "actual innocence means factual innocence, not mere legal insufficiency").

For all of these reasons, neither equitable tolling nor the fundamental miscarriage of justice exception saves the untimely petition from dismissal.

## III.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the § 2254 petition be **DISMISSED** as untimely and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 10th day of May, 2023, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA